UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

NATHANIEL L. ADDERLY,

        Plaintiff,

    v.

CPL. WILSON, et al.,

        Defendants.

Civil Action No. 3:13-CV-1945

(Judge Kosik)

## MEMORANDUM

Currently before this Court are Plaintiff's objections (Doc. 26) to Magistrate Judge Martin C. Carlson's Report and Recommendation ("R&R") (Doc. 22), recommending that Plaintiff's Motion to Reconsider (Doc. 21) the order dismissing this case (Doc. 20), be denied. For the reasons that follow, we will adopt the Magistrate Judge's R&R and deny Plaintiff's Motion for Reconsideration.

### I. BACKGROUND

The relevant facts are set forth in the memorandum granting Defendants' Motion to Dismiss (Doc. 19). After granting Defendants' Motion to Dismiss, Plaintiff filed a Motion for Reconsideration (Doc. 21) of this Court's July 29, 2015 Order (Doc. 20). The Magistrate Judge issued his R&R, recommending that Plaintiff's Motion for Reconsideration be denied. This Court subsequently issued an order to Plaintiff, ordering him to file both a brief in support of his motion for reconsideration and objections to the Magistrate Judge's R&R (Doc. 24). Plaintiff filed his brief in support (Doc. 25) on November 6, 2015 and his Objections to the R&R on November 10, 2015 (Doc. 26). Defendants filed their brief in opposition on November 20, 2015 (Doc. 27).

Plaintiff submits two objections to the R&R. First, that the R&R is moot to the extent it dismisses his motion for reconsideration on the basis of Plaintiff's failure to file a brief in support. Second, that Plaintiff's complaint primarily sounds in retaliation, and that he has

produced new evidence, in the form of transcripts, to support his claim.

## II. STANDARD OF REVIEW

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

It is to be noted that a motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.

Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

Plaintiff's first argument is moot and of no significance given the fact that the Magistrate Judge evaluated his motion to reconsider on its merits.  While it is true that the Magistrate Judge's Report articulates Plaintiff's failure to file an accompanying brief in support of his motion, which would procedurally render the motion withdrawn, the Magistrate Judge does not rest his recommendation on this basis alone.  Rather, the Magistrate Judge provides a detailed Report based upon the merits of Plaintiff's motion.  For this reason, Plaintiff's first object is rendered moot.

Next, Plaintiff objects and argues that his retaliation claim is now supported by newly discovered evidence.  Specifically, Plaintiff appends to his Brief in Support of his Motion for Reconsideration, what appears to be scattered pages of transcripts from Plaintiff's criminal proceeding.  Thus, in an attempt to satisfy the standard for a motion for reconsideration, Plaintiff seems to hang his hat on the argument that these scattered pages of transcripts are "new evidence."  Plaintiff's interpretation of what constitutes "new evidence" is groundless.

The Court notes that a motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale, 153 F. Supp.2d at 692 (stating its inability to "sift through new evidence that, although in existence" previously, was never presented to the court).  Importantly, " 'new evidence', for reconsideration purposes, does not

refer to evidence that a party ... submits to the court after an adverse ruling.  Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) (citations omitted.)  "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Id. (citations omitted).

Plaintiff in the instant matter has failed to present any new evidence, facts or issues which were not previously in existence and available.  Rather, Plaintiff merely reasserts his same arguments and attaches what appears to be transcripts that were in existence and previously available to, but not used by, Plaintiff.  This simply "cannot provide the basis for a successful motion for reconsideration." Blystone, 664 F.3d at 416.  Accordingly, Plaintiff's motion for reconsideration will be denied as we find no manifest errors of law or fact or newly discovered evidence.

### IV. CONCLUSION

For the reasons set forth above, the Court will adopt the Magistrate Judge's R&R and deny Plaintiff's Motion for Reconsideration.  The Court has given reasoned consideration to the portions of the Report to which there are no objections, and we agree with the Magistrate Judge's recommendations  An appropriate order follows.